IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JASON DON SELLS
TDCJ No. 232552,

    Plaintiff,

v.

MIGUEL FLOREZ, et al.,

    Defendants.

2:20-CV-20-Z-BR

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

    Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge ("FCR") (ECF No. 65) to dismiss the Amended Complaint pursuant to 42 U.S.C. Section 1983 filed by Plaintiff. Plaintiff filed objections on April 5, 2024. ECF No. 66. But no objection deters the Court from adopting the FCR.

    First, Plaintiff objects that he "did in fact obey orders to 'step back.'" *Id.* at 1. Plaintiff's obedience, however, is not material to whether Florez's conduct rose to the level of excessive force. For example, Plaintiff does not otherwise dispute the summary judgment evidence that he tauntingly displayed his middle finger, consistently occupied a fighting stance before his altercation with Florez, or pushed and kicked the door prior to Florez's entry. ECF No. 65 at 6; *see* ECF No. 32-1 at 17 (Florez testimony of the altercation). There remains, therefore, no genuine dispute of material fact regarding the excessiveness of Florez's application of force here.

    Second, Plaintiff objects that because Florez admitted to striking a restrained Plaintiff with his elbow, there exists a genuine dispute of material fact as to whether Florez applied excessive force. ECF No. 66 at 2. Plaintiff, however, treats the mere fact of an elbow strike as a material fact in genuine dispute. It is not. Florez explains that "I then used my elbow to push Inmate Sells away

from me as I thought he would attempt to spit on me." ECF No. 32-1 at 17. This use of force aligns with the *Kingsley* factors for measuring the reasonableness of an officer's use of force: an elbow-shove is properly tailored to the threat of spitting, Plaintiff complains of no resulting injury from the shove, the officer tempered his use of force to the threat at hand, and the threat of spitting was reasonably perceived. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

Third, Plaintiff complains that an alleged 53-second gap in the video recording creates a genuine dispute of material fact as to Florez's excessive use of force. ECF No. 66 at 3. Not so. As the FCR recognized, the video "does not show Sells getting up from the floor and leaving the cell." ECF No. 65 at 7. And Sells objects that in this time, he was strangled unconscious and struck by Florez with his elbow. ECF No. 66 at 3; ECF No. 3 at 2, 4. The elbow strike was discussed immediately above. As to the alleged strangling omission, the FCR rightly notes that "[a]t no time does the video show Sells being strangled into unconsciousness" and that "he is seen through the cell window [leaving the cell] under his own power." ECF No. 65 at 7. Hence this objection does not give rise to a genuine dispute of material fact.

Fourth and finally, Plaintiff objects that because a broken tooth does not usually bleed, further discovery is necessary to demonstrate Florez caused the injury. ECF No. 66 at 3. This objection mistakes the FCR's basis for granting summary judgment for Defendants. To restate the FCR: "[t]here is no dispute that Sells lost a tooth; however, there is no evidence corroborating Sells' statement that he lost it during the incident and specifically lost it as a result of Florez's actions, as opposed to any of the other guards participating in the use of force." ECF No. 65 at 9. Plaintiff's objections raise no additional evidence nor speculation as to further evidence that would be necessary in discovery. Hence there remains no genuine dispute of material fact.

After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Defendants' Motion for Summary Judgment is **GRANTED**.

**SO ORDERED.**

April 11, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE